Mr. Chief Justice Johnson delivered the opinion of the Court. Ths case of Biscoe et al. vs. Sneed et al., (6 Eng. Rep. 106,) is conclusive of the question here presented. The bar set up by the plea here is, that the deed of assignment had been executed and delivered before the institution of the suit, and that such deed operated per se to convey the legal interest in the note to the trustees, who held under the deed, and that consequently the plaintiffs, who were the original trustees, could not maintain the suit. The note upon which this suit is founded, and which was exhibited .upon oyer, is payable to particular persons therein specified, an?T not to bearer, and consequently the legal title in it could not pass merely by delivery. This court, in the case referred to, after citing all the cases which had previously been determined involving the same question, expressly declared that the deed of assignment did not, per se, convey the legal interest in the note, and that consequently the Trustees could not have maintained a suit at all in their own names, the equitable interest alone having passed. The transfer of the note in suit by virtue of the deed of assignment, is the only matter set up by the plea to this action, and that is wholly insufficient for the purpose as expressly held in the case in 6th English, already referred to. There cannot exist a doubt as to the right of the original Trustees to maintain this suit for the use and benefit of the Trustees, under the deed of assignment, so far as any thing appears to the contrary upon the face of the plea! The Circuit Court, therefore, erred in overruling the demurrer to the plea, and, for this error, its judgment must be reversed, and the cause remanded, to be proceeded in according to law and not inconsistent with this opinion 1